IN THE

## SUPERIOR COURT OF JUDICATURE,

FOR THE

## COUNTY OF ROCKINGHAM, DECEMBER TERM,

### A. D. 1835.

---

## N. TOWLE *vs.* ROBERT AYER.

Seizin of land is possession under a claim either express or implied by law, of an estate amounting at least to a freehold.

An actual disseizin is when one man wrongfully enters upon the land of another, with intent to usurp the possession; and retaining the possession, actually turns the owner out, or at least keeps him out.

In order to give a party a right to elect to consider himself disseized, there must be what can in law be considered a possession of the supposed disseizor either wrongful in itself, or made wrongful by some act or claim of his, inconsistent with, and in derogation of, the rights of the owner of the land.

THIS was a writ of entry, brought to recover a tract of land in Hawke.

The tenant pleaded in bar of the action an entry by the demandant, after the disseizin alleged in the writ.

To this the demandant replied, that after his said supposed entry, the tenant reëntered and expelled him. And issue was joined upon the said reëntry.

The cause was tried at January term, 1835, when it appeared in evidence, that one W. Worthen, on the 24th of June, 1830, by deed conveyed the demanded premises to the tenant, who on the 17th of December, 1831, brought a writ of entry against Chase Fuller, to recover the same premises.

It appeared that after the tenant had taken the said con-

veyance from Worthen, the demandant had entered upon the land. But after this, when the demandant applied to the tenant to know what he intended to do with respect to the land, the tenant replied, that he had bought the land and intended to hold it. It did not appear that at any time after the entry by the demandant as aforesaid the tenant had ever been upon the land, or done any thing in relation to it except to declare that he intended to hold it.

After this action was commenced, Ayer recovered judgment in the writ of entry brought against Fuller as aforesaid. A verdict was taken for the demandant, subject to the opinion of the court upon the foregoing case.

*Tilton,* for the demandant.

*Pillsbury,* for the tenant.

RICHARDSON, C. J., delivered the opinion of the court.

The question to be decided is, whether the evidence in this case was in law sufficient to maintain the issue on the part of the demandant.

The matter in issue was whether the tenant had entered and expelled the demandant.

To maintain this issue on his part, it was not necessary that the demandant should show an actual expulsion. It was only necessary to show that the tenant had done what gave him a right to consider himself as disseized.

The only evidence introduced to maintain the issue, on the part of the demandant, was, that the tenant, having a deed of the land from a third person, declared that he had bought the land and intended to hold it. Did this evidence show a disseizin?

In order to settle this question, it becomes necessary to ascertain the true nature of a disseizin.

Seizin signifies, in the common law, possession. *Co. Litt.* 153, *a.* It is not, however, every possession which

constitutes a seizin. It is only a possession coupled with an actual claim of a freehold, or possession under such circumstances that the law presumes such a claim, which amounts to a seizin.

He, who has a lawful title to a fee or a freehold in land, is presumed to be in possession, and to have seizin, until the contrary appears. 4 *Mass. R.* 417—418 ; 4 *Wheaton* 213, 223 ; 3 *N. H. R.* 23.

He who enters under a deed which purports to convey to him a fee or a freehold, or under any other color of title to such an estate, is presumed to enter claiming according to his deed or other title, and his possession is seizin. 8 *Cranch* 250 ; 5 *Peters S. C. R.* 354 ; 3 *N. H. R.* 51.

And he, who enters without color of title, and turns the owner out of possession, or forcibly holds him out, has a possession which amounts to a seizin. 3 *N. H. R.* 51.

He, who having a lease for years, is in possession of land, is presumed to be in possession claiming according to his lease, until the contrary appears ; and in general his possession is not considered as a seizin in himself. By the feudal law, the possession was always considered to be in him who had the freehold. He who was in possession for a term of years was considered as holding the land in the name of the tenant of the freehold. *Co. Litt.* 330, *b, note* 285.

And even at this day, the possession of a tenant for years is considered as the possession of the tenant of the freehold, which constitutes a seizin in the latter. For if any one enters and turns the tenant for years out of the possession, and forcibly holds him out, the tenant of the freehold is disseized.

He who enters upon land, without any color of title, is always presumed to enter under the tenant of the freehold, and his possession is always considered as the possession of the freeholder, until the contrary appears. 3 *N. H. R.* 52.

Seizin then may be defined to be possession of land under a claim, either express or implied by law, of an estate amounting at least to a freehold.

*Littleton* says, disseizin is properly when a man entreth into any lands or tenements, where his entry is not congeable, and ousteth him who has the freehold.

And *Coke*, in his commentary on this passage in *Littleton*, says, every entry is no disseizin, unless there be an ouster of the freehold.    *Co. Litt.* 181, *a*, and 153, *b*.

And this language of Littleton and Coke is considered at this day as giving a true definition of an actual disseizin. 1 *Johnson's cases* 36; 6 *John. R.* 217; 2 *N. H. R.* 456, *Wendell* vs. *Blanchard*; 5 *Cowen* 374; 4 *Mass. R.* 418.

Every disseizin is a trespass; but it is not every trespass which amounts to an actual disseizin. A disseizin is a continued trespass under a claim of title.

Si eo animo forte ingrediatur fundum alienum non quod sibi usurpet tenementum vel jura, non facit disseisinam, sed transgressionem. Sed quoniam incertum est, quo animo hoc faciat, ideo querens sibi perquirat per assisam et quo casu querendum erit a judice quo animo hoc fecerit. *Bracton* 216, *b*.

And again: " Item non solum fit disseisina secundum quod prædictum est, sed etiam si quis præpotens uti voluerit in alterius tenemento contra ipsius tenentis voluntatem, arando, fodiendo, falcando et asportando, contendendo tenementum esse suum quod est alterius; Si autem nihil clamaverit in tenemento, aliud erit, quia tunc erit transgressio et non disseisina de libero tenemento." *Bracton* 161, *b*.

These descriptions of an actual disseizin, by *Bracton*, accord perfectly with what is understood to be a disseizin in fact at this day, and show the true distinction between a mere trespass and a disseizin.

To constitute an actual disseizin, there must be an entry with intent to usurp the possession, and to oust another of his freehold.    *Cro. Car.* 302; 4 *Mass. R.* 418; 15 *Mass. R.* 498.

There is, then, an actual disseizin whenever one man wrongfully enters upon the land of another, with intent to

usurp the possession, and retaining the possession actually turns the owner out, or at least keeps him out.

But there is another species of disseizin, called a disseizin by election ; which is a very different thing from an actual disseizin.   The distinction between a disseizin by election and disseizin in fact, was taken originally for the benefit of the owner of the land, and in order to extend to him in certain cases the remedy by assize.   And it is still continued with us to enable the owner, whenever any trespass or injury is done to his real estate in derogation of his right, or whenever there is any obstruction to his full enjoyment of his lands, tenements or hereditaments, to settle his title with the wrong doer in a writ of entry.

By a disseizin at the election of a party is not to be understood an act which in itself is a disseizin, but which the party supposed to be disseized may if he pleases consider as not amounting to a disseizin : On the contrary, an act which is capable of being made a disseizin by election is no disseizin till the party in question by his election makes it such.   *Co. Litt.* 330, *note* (285.)

We come now to the question, Under what circumstances may the owner of real estate elect to consider himself as disseized ?

There can be no disseizin, even at the election of the owner of the land, unless the supposed disseizor can under the circumstances be considered in law as having the possession.   No mere words, no claim of right or title, unless coupled with some act which can in law be considered as possession, amount to a disseizin.   Nothing can be treated as a disseizin, unless it can be viewed as an actual usurpation of the possession.   Thus a deed of land, duly acknowledged and recorded, does not amount to a disseizin unless the grantee enters under the deed.   6 *Pick.* 5, *Favour* vs. *Sargent.*

And it seems, that an extent of an execution upon land, when neither the officer, nor the appraisers, nor the creditor

enters upon the premises, gives the creditor no seizin.    9 *Mass. R.* 96, *Bott* vs. *Burnell.*

He cannot, then, in such a case be treated as a disseizor.

But almost any interference with the possession of land in derogation of the rights of the owner may, if he so choose, be considered as a disseizin.

Thus if a man go to a house that is locked, and taking the door in his hand claim the same in fee, although he do not enter, it will be a disseizin of the house.    1 *Rolle's Ab.* 659, *l. 5.*    Such an act is in law sufficient to give possession of the house to him who makes the claim, if the owner so elect.

And the owner may at his election consider any person as a disseizor who is found upon the land, and who refuses or neglects to leave it upon his request, although such person disclaims having any possession.    4 *N. H. R.* 217, *Walker* vs. *Wilson;* 6 *Greenleaf* 376, *Brigham* vs. *Welch.*

The owner of land may elect to consider himself as ousted by one, who entered as the mere servant of a third person, and who is a mere trespasser.    2 *Starkie's N. P. Cases* 187, *Doe* vs. *Stradling.*

The law in these cases permits the owner of the land, for the sake of the remedy, to abandon the possession to the wrong doer, and treat him as an actual disseizor.

And when one is rightfully in possession of land belonging to another, if he set up a claim to the estate, or usurps a dominion over it, inconsistent with the rights of the owner,—whether this be done by words or by acts, the owner may elect to consider him a disseizor.

If A, holding lands as a tenant at will to B, take a lease of one who has no title, B may consider both the lessor and the lessee as disseizors.    6 *N. H. R.* 419, *Wilson* vs. *Webster.*

So if a lessee for years convey the land in fee, both the lessee and his grantee, if he enter, are disseizors at the election of the owner.    5 *Cowen* 134; 1 *Burrows* 112.

And if a lessee at will or by sufference make a lease for years, and his lessee enters, it is a disseizin. *Cro. Eliz.* 830 ; *Shaw* vs. *Barber.*

If a tenant in common, or joint tenant, enter claiming the whole, and take all the profits, it is a disseizin of his co-tenant. *Co. Litt.* 243, *b ; Hobart* 120 ; *Cowper* 218, *Fisher* vs. *Prosser;* 1 *Pick.* 114, *Shumway* vs. *Holbrook;* 1 *Caine's R.* 33 ; 11 *East* 49, *Doe* vs. *Bird;* 1 *Greenleaf* 89, *Bracket* vs. *Norcross ;* 8 *Pick.* 175.

If a tenant in common resist the entry of his co-tenant, it is a disseizin. 1 *Mass. R.* 323.

If any one disturb the entry of him who has a right to enter upon lands, it will be a disseizin. 1 *Rolle's Ab.* 659, *l*, 15.

It has never been held that mere words, or the taking of a deed of land without entry under it, or the prosecution of a real action against a stranger, to recover land, can be considered as a disseizin. There must be some actual interference with the possession of land to constitute what may be considered by the owner as a disseizin at his election.

The declaration of a party may give a character to his acts or his possession, which will make them disseizins, when they would not otherwise be so ; but mere declarations cannot in themselves constitute a disseizin.

It seems, then, that in order to give a party a right to elect to consider himself disseized, there must be what can in law be considered a possession of the supposed disseizor, either wrongful in itself, or made wrongful by some act or claim of his, inconsistent with, and in derogation of, the rights of the owner of the land.

In the case now before us, the evidence showed nothing that can in law be considered as possession of the tenant, after the entry of the demandant stated in the plea, and was of course wholly insufficient to sustain the issue on the part of the demandant.

*Verdict set aside.*