## STRAW *vs.* JONES and al.

Possession under a claim of title is *prima facie* evidence of a seizin sufficient to maintain a writ of entry. Otherwise, if the party in possession claims no right to the land; or if the possession has been abandoned.

Parol declarations that A. was in under a lease are admissible to shew a claim of title in A., without producing the lease.

THIS is a writ of entry, to recover five acres of land in Epping. Jones pleaded special-non tenure. S. Plumer, jr., disclaimed, and the other defendants pleaded the general issue.

The demandant is the widow of John Straw, and has lived on the land in controversy, with her husband, for about forty

years next preceding his decease, which happened seven or eight years since, and she remained there after his decease a year or more.

It appeared that prior to 1822 one Joseph Cilley, a grandson of Straw, went to live upon the land, and occupied a part of the same house with Straw; and that he performed the labor upon the land, Straw being unable to do any work. Straw gave some directions about the business, until within four or five years of his death. What those directions were did not distinctly appear; but he complained that he could not have things done to his mind. Cilley, who was poor, lived there until his death, which was after the death of Straw; and his widow and family removed about the same time with the demandant.

On the 30th December, 1822, Cilley conveyed the premises to Samuel Plumer, jr., George W. Plumer, and John J. Plumer, three of the defendants; and Samuel Plumer, jr., on the 20th March, 1837, conveyed his share to the others.

The tenants proved that the demandant, a short time previous to the trial, on being enquired of whether she had a lease of the land in dispute, or whether her husband only had a lease of it, replied that she had no lease, but that her husband had a lease during his life time, from Samuel Plumer, jr. And it was proved, on the part of the demandant, that in 1824, Samuel Plumer, jr. being enquired of how soon Straw and wife were going to leave the house, said they were not going out. Being asked if he had given them any lease, he said no, he had not given them any lease, only by word of mouth; that he should not turn them away, but let them stay there as long as they lived.

Upon the evidence a verdict was taken for the tenants, subject to the opinion of the court upon the foregoing case.

*James Bell*, for the demandant.

*Christie*, for the tenants.

WILCOX, J. It is necessary for the demandant, in order to maintain her action, to prove herself seized of at least a freehold estate. She does not attempt, however, to show any actual title, but relies on possession by herself and her husband for many years, and the fact, that after the death of her husband she remained upon the premises for one or two years.

Naked possession affords a presumption of title sufficient to put the tenant upon his defence. But it must be a possession under a claim of right. It must, also, be a continued possession; for, although the demandant may have had possession, if it appear to have been voluntarily abandoned, it is not such evidence of title as will sustain an action. *Smith* vs. *Lorillard*, 10 *Johns. Rep.* 355; *Jackson* vs. *Rightmyre*, 16 *ditto* 325; 2 *ditto* 24; 3 *N. H. R.* 28; 7 *Wheat.* 59.

Taking the profits of land to one's own use is a sufficient assertion of title, if nothing farther appear. But if it appear that the party in possession is merely a tenant to another, this rebuts the presumption of title arising from mere possession.

It is unnecessary to decide, in the present case, what is the legal presumption as to title where husband and wife are together in possession of land. Whether the seizin is in the husband in his own right, or in right of his wife, or jointly in both, the husband as the head of the family has the control of the land, and the right to receive the profits to his own use.

In the present case it is proved that, a short time before the trial, the demandant admitted that she had no lease of the land, but said that her husband had a lease during his life. This seems sufficient to explain her possession, and to show that she was not there under title, or even asserting a title; but that the legal seizin was in the husband. Clearly, then, at the death of the husband she had no seizin upon which she can maintain a writ of entry. Nor is there any thing in the simple fact, that she remained upon the land after her husband's death, with Cilley, who claimed title, to show any change in her connexion with the estate, or that she had ac-

quired a seizin either by grant or by disseizin. The case does not show that she did any act upon the land, or exercised any control over it.

It is contended, on the part of the demandant, that her parol admissions in regard to the lease should not have been received, but that the lease itself should have been produced as the best evidence. Such, undoubtedly, would have been the rule, had the object been to show the contents of the lease—as its duration, or conditions : and perhaps even to show who was the landlord. *Strother & al.* vs. *Barr & al.*, 5 *Bing.* 136; *Doe* vs. *Harvey*, 8 *Bing.* 239; 5 *C. & P.* 418. Here it was only essential to show that it was the husband alone who claimed title ; and it was wholly immaterial as to the nature of the title, and of course what were the contents of the lease, or even whether it gave any title to the premises. It is enough that the husband claimed them by a lease, which is one of the evidences of legal title : This explains the possession, and rebuts any presumption of title, arising to the wife from her living on the land with her husband.

It also appears that Cilley, being in possession of the premises, executed a deed of the same to the tenants prior to the decease of the demandant's husband. The tenants then have possession under a color of title, which is prior to any possession on the part of the demandant.

There must, therefore, be

*Judgment on the verdict.*