## BRECK & a. *vs.* YOUNG.

11  485
71  354

The defendant conveyed to the plaintiffs land described as, " beginning at a beech stub, marked ; thence south, about 61 degrees east, about 170 rods, to Sunapee Lake, on the line of land formerly owned by Abial Cooper," &c., &c ; and covenanted that he was seized of the premises. It appeared that Cooper's land extended south 66 degrees east.

In an action on the covenant of seizin, it was *held*, " that the line of land formerly owned by Abial Cooper," was a monument which would control the courses and distances ; that by such description the land conveyed was bounded on the line of Cooper's land ; that the deed did not purport to convey land owned by Cooper ; and that there was no breach of the covenant of seizin.

On the 10th day of February, 1831, the executors of W. C., having entered upon and surveyed the land in question, conveyed it, with other land adjoining, to the defendant Young, who, on the 5th day of November, 1832, conveyed one undivided half of it to March. On the 27th day of January, 1837, Young and March conveyed the land to the plaintiffs, with covenants of seizin, &c., &c.

It appeared that in the year 1832, and for several years following, Young cut timber on the land conveyed to him ; but it did not appear whether or not it was on the land conveyed to the plaintiffs. In 1833, and for several years following, March cut timber from the land in question.

In the month of April, 1835, one Bailey went upon the lot conveyed to the plaintiffs, claiming it as his, and in the spring of the year 1836 he cleared a part of it, and subsequently, from time to time, cut timber from the lot. Bailey had no title to the land, other than by his entry aforesaid.

*Held*, that the entry by Young, in the year 1833, upon the land conveyed to him by the executors, gave him possession of all the land included in his deed from them.

*Held*, also, that Young and March, having entered under color of title, were seized of the land as against Bailey, who had no title, and that the entry by Bailey on the land subsequent to the deed to the defendant, and to the defendant's possession, was not evidence of a breach of the covenant of seizin in the deed of the defendant to the plaintiffs.

COVENANT. The declaration alleged, that the defendant and one Daniel March, (since deceased), on the 27th day of January, A. D. 1837, by their deed of that date, &c., sold and conveyed to the plaintiffs a tract of land in Wendell, " beginning at a beech stub marked, thence south about 61° east, about 170 rods, to Sunapee Lake, on the line of land formerly owned by Abial Cooper ; thence northerly on the

lake," &c. ; and that said Young and March, in and by said deed, covenanted that they were the lawful owners of the premises; were seized thereof in fee simple ; had full authority to convey, and they would warrant and defend the same, &c. It then set forth breaches of these covenants, alleging that one Samuel Bailey, having title, had entered, &c. The defendant pleaded that he and said March were the lawful owners, and had warranted, &c. ; on which issue was joined.

The plaintiffs, in support of their declaration, offered in evidence the deed therein described ; and for the purpose of showing a breach of the covenants, introduced testimony tending to show that said Abial Cooper was, prior to the giving the deed, in possession of land south of the tract in question, and that said Cooper's land extended to a line south 66° east, instead of 61° ; but the court were of opinion that the land described in the deed to the plaintiffs was bounded by the line of Cooper's land, and purported to convey nothing to which Cooper had a title.

The plaintiffs further introduced the evidence of said Samuel Bailey, that in the month of April, 1835, he cleared a piece of the land for the purpose of making a pasture, and that he had from time to time, since, entered and taken timber from the lot. No other part of the lot had been cleared. It did not appear that Bailey had any title other than by his entry aforesaid. Since his entry, he had paid taxes on the land.

On the part of the defendant, it appeared that W. H. Cheney and Charles Forbes, as executors of the will of W. Cheney, deceased, on the 10th day of February, A. D. 1831, conveyed the land in question, and other land adjoining, to the defendant, Young, who, on the 5th day of November, A. D. 1832, conveyed one undivided half of it to March. The defendant proved that he had cut timber on the lot conveyed by Cheney and Forbes to March and himself, in the year 1832, and for several years following ; but it did not appear whether the timber was taken from the tract con-

veyed to the plaintiffs or not. It further appeared that March, in the year 1833, and for several years following, had cut and taken timber from that part of the lot which was afterwards conveyed to the plaintiffs.

The will of William Cheney authorized his executors to convey lands; and it appeared that, in his lifetime, he owned a tract of land in the vicinity of the tract in question; but it did not appear that he ever owned or claimed to own any part of the tract conveyed to the defendant by his executors; and the plaintiffs offered evidence that he never asserted that he had any title to said land. In the month of December, A. D. 1830, said W. H. Cheney assisted in a survey of the land, preparatory to the conveyance by Forbes and himself to the defendant. There was evidence that the land had been called common land, and that several individuals had cut and carried away timber from it previous to the year 1830; but it did not appear that any of them had any color of title.

A verdict was taken for the defendant, by consent, subject to the opinion of this court upon the foregoing case.

*Leland*, for the plaintiffs.

*Handerson*, for the defendant. The only question of consequence is, whether the defendant and March were seized when they conveyed to the plaintiffs.

A covenant that the grantor has good right to convey, is not broken, if the grantor were in fact seized, either by wrong, or by a defeasible title. *Marston* vs. *Hobbs*, 2 *Mass. R.* 433; *Twambly* vs. *Henley*, 4 *Mass. R.* 441; *Bearce* vs. *Jackson*, 4 *Mass. R.* 408; *Prescott* vs. *Trueman*, 4 *Mass. R.* 627.

If, at the time of executing the deed, the grantor has exclusive possession, claiming in fee simple, by title adverse to the owner, he is *seized*, and has a right to convey. *See authorities above cited.*

The foregoing cases seem to show, that if one enter under color of a conveyance, whether that conveyance give any title or not, he is so *seized* that he has a right to convey.

The case of *Marston* vs. *Hobbs*, 2 *Mass. R.* 433, goes fully into the law on this subject.

The deed of one *non compos mentis*, but not under guardianship, conveys a seizin, being not void, but voidable ; otherwise, if under guardianship, as it is then void. *Wait* vs. *Maxwell*, 5 *Pick.* 217.

An entry upon land, under a deed, giving color of title, gives seizin of the whole land described in the deed. An entry, without color of title, gives seizin only of what is actually possessed. *Copp* vs. *Neal*, 7 *N. H. Rep.* 275.

*Edes*, on the same side, on the point that the line of Cooper's land was a monument, cited *Howe et al.* vs. *Bass*, 2 *Mass.* 380 ; *Folger* vs. *Mitchell*, 3 *Pick.* 401 ; 4 *Har. & J.* 457 ; 5 *Har. & J.* 163.

On the question of seizin, he referred to *Lund* vs. *Parker*, 3 *N. H. Rep.* 49 ; *Riley* vs. *Jameson*, 3 *N. H. Rep.* 23.

GILCHRIST, J. The case finds that the land conveyed by the defendant and March to the plaintiffs, on the 27th day of January, A. D. 1837, was described in the deed as " beginning at a beech stub marked ; thence south about sixty-one degrees east, about one hundred and seventy rods, to Sunapee Lake, on the line of land formerly owned by Abial Cooper", &c. &c. ; and that the plaintiffs offered evidence tending to show that Cooper's land extended to a line sixty-six degrees east, instead of sixty-one degrees east. The court ruled that by the description in the deed, the land conveyed to the plaintiffs was bounded by the line of Cooper's land, and that the deed purported to convey nothing to which Cooper had a title.

This ruling of the court was undoubtedly correct. Had the defendant conveyed to the plaintiffs, land described as

Breck *v.* Young.

extending "sixty-one degrees east," without any further limitation, or reference to monuments, and had Cooper owned land extending sixty-six degrees east, the description would have covered Cooper's land, and there would have been a breach of the covenant of seizin. Because when no monuments are named in a grant, and none are intended to be afterwards designated as evidence of the extent of it, the distances stated must govern. 16 *Maine R.* 347, *Machias* vs. *Whitney ;* 20 *Pick.* 62, *Blaney* vs. *Rice.* But the reference in the description to " the land formerly owned by Abial Cooper," limits the quantity of the land, and clearly points out the extent of the premises.

It is strongly intimated, in the case of *Enfield* vs. *Permit,* 5 *N. H. Rep.* 285, that where a party is bounded on a line, that line, as it actually exists, is the boundary, however the points of compass may be laid down in the description. In that case, the township of Grantham is described in the charter as bounded on one side by a line running "south fifty-eight degrees east, by the south line of Enfield ;" and it was contended that, by a well known rule of construction, the line of the town of Enfield, and not the point of compass, was to fix the north line of Grantham. And it is said by the court : " If it appeared that the south line of Enfield was, at the time when the charter of Grantham was made, a known marked line, which had been previously run out, and monuments erected to designate it, it would certainly deserve very serious consideration whether the proprietors of Grantham could not hold to such line."

That the line of land, when ascertained, is a monument, and will control courses and distances, appears also to be recognized in the case of *Bates* vs. *Tymason,* 13 *Wend.* 300.

Where land was described in a deed by courses and distances, and extended " to land of the heirs of Peter Thurston," it was held that the line of such land being ascertained, was a boundary, which controlled and limited the courses and distances. *Flagg* vs. *Thurston,* 13 *Pick.* 150.

We are, therefore, of opinion that the ruling of the court was correct.

The other points in the case are clearly settled by the authorities in favor of the defendant.

The case finds that W. H. Cheney, and Forbes, the executors of the will of William Cheney, were authorized by the will to convey lands, and that in the month of December, 1830, W. H. Cheney assisted in a survey of land, preparatory to the conveyance by Forbes and himself to the defendant.

On the 10th day of February, 1831, Cheney and Forbes, the executors, conveyed the land in question, and other land adjoining, to the defendant Young.

On the 5th day of November, 1832, Young conveyed one undivided half of the same land to March; and it appears that in the year 1832, and for several years following, Young cut timber on the land conveyed by the executors; but it does not appear that he cut timber on that part of the land conveyed to the plaintiffs.

In the year 1833, and for several years following, March cut and took timber from that part of the land which was afterwards conveyed to the plaintiffs.

Now against these evidences of title in the plaintiffs and their grantors, we have only the facts, that in 1835 Bailey went on the land, claiming it as his—that in 1836 he cleared some of it, and occasionally cut timber from it, and that he had no title except by his entry.

W. H. Cheney entered under a claim of title as executor of William Cheney, and surveyed the land. This was before the entry of Bailey. The executors were then seized. They had a sufficient seizin to maintain a writ of entry.

Possession under claim of title is *prima facie* evidence of a seizin sufficient to maintain a writ of entry. *Straw* vs. *Jones*, 9 *N. H. Rep.* 400.

Prior possession, under color of title, or a claim of title, is

sufficient to maintain a writ of entry against one who has no title. *Gibson* vs. *Bailey,* 9 *N. H. Rep.* 168.

What defence, then, could Bailey have made to an action by the executors ? Their possession was prior to his, under a claim of title ; and as he had no title, nor color of title, but only a naked possession, he could not have resisted them successfully.

If Bailey had no defence to a suit by the executors, still less could he have defended against those to whom the executors conveyed.

The executors, being in possession of the land, conveyed it to the defendant, Young, before the entry of Bailey. Young then had possession under color of title, which was prior to any possession on the part of Bailey. *Straw* vs. *Jones,* 9 *N. H. Rep.* 400.

He who enters under a deed which purports to convey to him a fee or a freehold, or under any other color of title to such an estate, is presumed to enter claiming according to his deed or other title, and his possession is seizin. *Towle* vs. *Ayer,* 8 *N. H. Rep.* 59.

It was not necessary for Young to show a seizin under an indefeasible title. A seizin in fact was sufficient, whether he gained it by his own disseizin, or were in under a disseizor. If, at the time he executed the deed to March, and March and he executed the deed to the plaintiffs, he were in possession claiming the land, he was seized, and had a right to convey. He was in possession under a deed from the executors. By his deed to March, the latter became seized, as he entered under color of title. *Marston* vs. *Hobbs,* 2 *Mass. R.* 439.

One in possession, claiming a fee simple in the land, is able to convey, and in such case the covenant of seizin is not broken. *Bearce* vs. *Jackson,* 4 *Mass. R.* 408.

It is immaterial whether the entry by Young, in 1832, and the cutting of the timber by him, were on that portion of the land which he afterwards conveyed to the plaintiffs or

not. Because, when a man enters into land under a deed, such entry will give him possession of all the land which the title under which he enters, embraces, as he is presumed to enter claiming according to his title. *Riley* vs. *Jameson*, 3 *N. H. Rep.* 27 ; *Towle* vs. *Ayer*, 8 *N. H. Rep.* 59.

In a suit by Young and March against Bailey, they could have shown themselves in actual possession before him, under color of title. He had no evidence to rebut their seizin, and consequently they must have recovered. *Gibson* vs. *Bailey*, 9 *N. H. Rep.* 168.

So in a suit by these* plaintiffs against Bailey, it would have appeared that they had a conveyance from one who was in actual possession under color of title ; and this is equivalent to actual possession by the plaintiffs, and would be sufficient to enable them to maintain a writ of entry against one who entered without a better title. *Bailey* vs. *March*, 3 *N. H. Rep.* 274.

As between the defendant and Bailey, the first possession, which the defendant had, is the better evidence of right. Possession is always presumption of right, and this presumption every possessor of land has in the first instance. *Lund* vs. *Parker*, 3 *N. H. Rep.* 49 ; *Smith* vs. *Lorillard*, 10 *Johns.* 338.

The case, then, stands thus : After the death of William Cheney, his executors entered and conveyed to Young. This was before the entry of Bailey. Young then entered, under color of title. Bailey's claim, arising from his subsequent entry, was a mere naked claim without color of title, and cannot be sustained against the claim of Young. There is, consequently, nothing in the evidence to show any breach of the covenant of seizin.

Farther : Young being in possession, conveyed to March, who went into possession also. Their actual possession, and their title, and conveyance to the plaintiffs, are equivalent to an actual possession by the plaintiffs themselves. The plaintiffs, then, had color of title, and possession, and Bailey

had nothing but a naked possession, subsequent to that of the plaintiff's grantors.

The judgment of the court, therefore, is, that there has been no breach of the covenant of seizin.

*Judgment on the verdict.*