## PEASLEE *v.* GEE.

The words " by land of " an adjoining owner, used in the description in a deed, mean along the external boundary line of that land.

Where parts of a particular description of land are repugnant, a general description following may be resorted to, and of the conflicting parts of the particular description, that is to be rejected which does not concur with the general description.

Part of the description of land, in a deed of warranty, was "thence by land of A. to land of B.: thence easterly by said land of B. to land of C." The description was followed by the words "intending to convey the homestead farm of A. G." In fact, the land of B. and the homestead farm of A. G. were no where coterminous. In an action by the grantee, for an alleged breach of the covenant of seizin, it was *held,* that parol evidence that, at the time of the bargain, the parties were on the land, and that the defendant designated a point upon the boundary line, between the lands of A. and B. as his boundary, was inadmissible.

COVENANT. The defendant, by his deed, dated May 7, 1846, conveyed, in fee with covenants of seizin, title and warranty, to the plaintiff, certain land, the description of which was as follows : " A certain tract or parcel of land, situate in said Marlow, and bounded, beginning at a stake and stones, at the south corner of Russell Tinker's land and Curtis Bradford's land, thence west by said Tinker's land to a stake and stones: thence southerly by said Tinker's land to a beech tree marked ; thence westerly by said Tinker's land ; thence southerly by said Tinker's land to a stake and stones on the line of John Stone's land ; thence westerly to the line of Gurdon Smith's land ; *thence by said Smith's land to the Aaron Huntley farm, so called, thence easterly by said Huntley farm to land owned by Gardner Huntley;* thence by Gardner Huntley's land to land owned by Albert H. Huntley; thence by said Albert H. Huntley's land to Curtis Bradford's land to a stake and stones ; thence south by said Bradford's land to the bound first mentioned, intending to convey the homestead farm of Asa Gee, late of said Marlow, deceased."

This description was correct, excepting that part in italics. In fact, the Asa Gee farm and the Aaron Huntley farm were nowhere coterminous; the most easterly boundary between Aaron and Gardner Huntley being eleven rods and a half west of that part of the Asa Gee farm abutting upon Gardner Huntley's land, as will appear by the plan, upon which the continuous lines show the boundaries of the Asa Gee farm, and the dotted lines the lands belonging to the different adjoining proprietors mentioned in the deed. The irregular piece, partially surrounded by the Asa Gee and Aaron Huntley farms, the angles of which are marked B. C. D. E. F. G. H.; a. never belonged to the defendant.

The plaintiff offered evidence, at the trial, that at the time the bargain was made for the land, the parties were upon it, and that the defendant pointed out to the plaintiff the line at the northern extremity of Albert H. Huntley's land as his line, and the point marked a., on the Aaron

Huntley as the northwestern boundary of his farm. This evidence was rejected, and the court ruled that the deed conveyed the Asa Gee farm only, and that there was no such ambiguity in the description as would permit the introduction of parol evidence of its meaning. A verdict for the defendant was accordingly returned by consent, and exceptions taken to the ruling.

*Tappan* and *Pierce*, for the plaintiff, contended that the land within the line B. C. D. E. F. G. H. K. a., is included in the description. The question was whether the particular description, by metes and bounds, or the general clause describing the land conveyed as the " farm of Asa Gee," should prevail. The defendant does not undertake to convey the farm of Asa Gee, however it may be bounded, but the farm of Asa Gee, described and bounded in a particular manner. The particular description must guide, although some doubt rests upon it, if its meaning can be ascertained. *Tenny* v. *Beard,* 5 N. H. Rep. 58 ; *Lyman* v. *Loomis,* 5 N. H. Rep. 410 ; *Worthingtons, Ex'rs.* v. *Hylyer,* 4 Mass. Rep. 205.

Was there, then, enough in the description to ascertain the land ? The boundary " by said Smith's land to the Aaron Huntley farm, thence easterly by said Aaron Huntley to land owned by Gardner Huntley," means and requires the extension of the line A. B. to a., where it strikes Aaron Huntley's boundary, and whence it can go easterly to Gardner Huntley's land. Such a line answers the description ; but if you follow the zigzag line B. c. D. and e., you do not touch the Aaron Huntley farm at all, and cannot go easterly by it to Gardner Huntley's land. The piece which we claim to be included in the deed is, as accurately as the Asa Gee farm, described as " bounded by Gurdon Smith's land."

The parol evidence was offered not to vary or contradict the deed, but to show a *practical construction* by the parties themselves, when on the premises. *Stone* v. *Clark,* 1 Met. 378.

If the description is ambiguous or doubtful, parol evidence of the practical construction given by the parties, by acts of occupancy, recognition of boundaries or otherwise, is admissible in aid of the interpretation. 1 Greenl. Ev. (5th ed.) § 301, note 2, and authorities there cited.

The identical monument or boundary, referred to in a deed, is always a subject of parol evidence, and, when disputed, is always left to the jury to say which was the actual

monument intended. *Claremont* v. *Carleton*, 2 N. H. Rep. 373.

Here is a latent ambiguity in the words " by land of Gurdon Smith ;" both lines contended for are by land of Gurdon Smith, and the real line intended is a question of fact which parol evidence is competent to show.

*Cross* and *Perley*, for the defendant.

WILCOX, J. The plaintiff contends, first, that in order to comply with the description in the deed, a line must be run to the Aaron Huntley farm across Gurdon Smith's land, and including a portion of that land with the Asa Gee farm ; and second, that the evidence offered at the trial, that the corner marked a. on the plan, was pointed out by the defendant as his boundary, and was the point, therefore, to which the line from a. was to be run, was improperly rejected.

1st. The words " by said Smith's land " have a known and definite meaning. They bound the grantee by the line of Smith's land. The word " by " does not mean " over " or " across," but *along* the line of Smith's land, and such is both its legal and common acceptation. But as it is impossible to run by Smith's land to the Aaron Huntley farm, and thence easterly by that farm to land of Gardner Huntley, we must look to the remaining description, to ascertain, if possible, the intent of the parties ; and we have a guide in the last clause in the description, " intending to convey the homestead farm of Asa Gee, deceased." This farm has known and definite boundaries, and this language would, without further description, pass the land which the defendant owned, and which, excepting the boundary by the Aaron Huntley farm, corresponds with the description in the deed. That being repugnant, from the impossibility of running " by Smith's land," " to the Aaron Huntley farm," it seems to us that the general description requires us to re-

ject the Aaron Huntley farm as a boundary, the only one in which the two descriptions vary, rather than practically to substitute the word " over " or " across " for the word " by."

It is contended that where there is a particular description in a deed, followed by a general description, differing from the former, the particular description shall prevail; and this, without doubt, is the true rule when the particular description is certain and definite. But here the difficulty is with the particular description. That is repugnant with itself. It cannot all stand, and the only question is, which part shall be retained and which rejected. ‘ This is determined by the further clause, so that a general description does not overrule one more particular, but one part of a particular description concurring with a general description, outweighs another part that has nothing to sustain it, but which is repugnant to all the other parts of the deed.

2d. Parol evidence may be received to show the bounds referred to, and thus show the application of the description to the subject-matter of the grant. If there are two monuments of the same description, or two persons of the same name, parol evidence may be resorted to, to determine which was intended. But where the monuments referred to in a deed are fixed and definite, its extent is to be determined by a reasonable construction of its terms. In such case, extrinsic evidence of intention, as an independent fact, is inadmissible for the purpose of proving that a thing was intended, differing in substance from what was described. Upon the evidence in this case, as to the boundaries described in the deed, we have no doubt that, by a just construction, it embraces only the Asa Gee farm. Parol evidence cannot then be received to show a different intent. It is said that this evidence was offered to show a practical construction given by the parties themselves. That conversation, however, seems to have been before the deed was given, and no bounds or monuments were erected by the parties, at any time, to govern in its construction. The

Peaslee *v.* Gee.

deed refers to no such monuments, but the land is limited and bounded upon lands of adjoining owners.

If the defendant defrauded the plaintiff by showing a false line, he may be liable in an action for the deceit, but he has no remedy on the covenants in the deed for what the deed does not include.

*Judgment on the verdict.*