CUNNINGHAM v. CURTIS. { Aug. 10, 1876.

*Construction of deed.*

The defendants' intestate conveyed to the plaintiff, by deed of warranty, a parcel of land, bounded on the west by land of Thomas Hough. The distance on the north line from the east to the west end, as mentioned in the deed, extended seventeen feet beyond Hough's north-east corner, and the distance on the south line extended six and a half feet beyond Hough's south-east corner, so that the deed, by measurement, included a strip seventeen feet wide at the north end, and six and a half at the south end,—which land was, at the time of the intestate's deed, in the occupation of Hough, and separated from the intestate's land by a shed and a division fence. *Held*, that Hough's line, as indicated by the shed and fence, was a monument which controlled the distances in the intestate's deed, and that his covenant of warranty was not broken.

FROM ROCKINGHAM CIRCUIT COURT.

ACTION OF COVENANT. The defendants' intestate had conveyed, by deed of warranty, a parcel of land to the plaintiff. It was described in the plaintiff's deed as " a certain lot of land, with the buildings thereon, situated in said Portsmouth, beginning at the corner of Water and Jefferson streets, and running northerly by said Water street fifty feet and two inches to land owned by Matthew Johnson; thence westerly by said Johnson's land seventy-six feet and two inches, to land of Thomas Hough; thence southerly by said Hough's land to Jefferson street, fifty-one feet six inches; thence easterly, by said Jefferson street, seventy-three feet, to the bounds began at."

The defendants' intestate claimed, through one Merrill, from Daniel Bailey. In Bailey's deed to Merrill, dated July 3, 1848, the distances were exactly the same as in the intestate's deed to the plaintiff, but before the intestate got his title, the representatives of Merrill had conveyed a strip from the west end to Thomas Hough, described as fifteen feet wide on the north end and fifteen feet wide on the south end; and, at the date of the intestate's deed, Hough was in occupation under this deed of a strip of land sixteen feet and eleven inches wide at the north end, and six and a half feet wide at the south end, which was separated from the intestate's land partly by a shed and partly by a division fence, so that the land which actually passed to the plaintiff was on its north side only fifty-nine feet and one inch, and on the south side sixty-six feet six inches, as will appear upon the annexed plan, in which the line separating Hough's land from the plaintiff is represented by the line A A1.

The plaintiff claimed that the intestate's deed in terms conveyed the strip owned by Hough, and that the covenant of warranty was broken

but the referee found that that strip was not conveyed by the intestate's deed, and that the covenant was not broken; and the questions of law were, on the agreement of the parties, transferred to the superior court by FOSTER, C. J., C. C.

*Hatch*, for the plaintiff.

*Frink* and *Page*, for the defendants.

CUSHING, C. J.   In this case the defendants' intestate made his deed of warranty, by virtue of which he conveyed a certain parcel of land with the usual covenants of warranty.

It appears that the property was conveyed to the intestate, Cotton, by one Merrill, and to Merrill by one Bailey. The distances in Bailey's deed to Merrill are substantially the same as in Cotton's deed to the. plaintiff.   But it appears that before the conveyance to Cotton from the representatives of Merrill, a strip from the west end of the lot, being about seventeen feet wide at the north end and five and a half feet wide at the south end, had been conveyed by them to Thomas Hough, and was in his possession at the date of the plaintiff's deed, being partly occupied by a shed and a division fence.   As it does not appear that there was any dispute about this title or division, the line, so determined, of Hough's land, was, according to the authorities, a monument; and I see nothing in the case to take it out of the ordinary rule, that monuments control courses and distances.   Hough's deed had been duly recorded, as we must understand, and Hough was in possession under that deed, not exactly according to its measure, but nearly so, and Hough was in possession according to his deed.

This being, according to the authorities, the true construction of the plaintiff's deed, the case does not show any breach of the covenant of warranty.

Accordingly there should be judgment on the report in favor of the defendants.

LADD, J.   I also think the finding of the referee was right, and that there should be judgment on the report for the defendants.

The line of Hough's land was a monument on the ground, the location of which was indicated and made certain at the time of the deed by a shed and division fence.   The boundary by Hough's land was a boundary by the marginal line of that land—*Peaslee* v. *Gee*, 19 N. H. 273; and it is well understood that, where monuments existing on the ground and described in the deed do not correspond with courses and distances given in the deed, the latter must yield to the former.

SMITH, J.   When courses and distances in a deed are inconsistent with fixed monuments, the latter govern, for the reason that what is most material and certain controls that which is less material and

uncertain. Among the numerous authorities upon this point are *Breck* v. *Young*, 11 N. H. 485, *Enfield* v. *Day*, 11 N. H. 520, *Smith* v. *Dodge*, 2 N. H. 303, *Hall* v. *Davis*, 36 N. H. 569.

Where land is described in a deed as running a certain distance by measurement to an ascertained line, though without a visible boundary, such line is regarded as of itself a monument which will control the admeasurement and fix the extent of the land conveyed. *Flagg* v. *Thurston*, 13 Pick. 145; *Breck* v. *Young, supra*, and authorities cited. As Hough's line, then, was a monument, there was no breach in the covenants of the defendants' intestate. The defendants are therefore entitled to

*Judgment on the report.*