HILLSBOROUGH, OCTOBER TERM, 1823.

## MAJOR RILEY *vs.* JAMES JAMESON.

3    23
71    354

When one enters into land without any color of title, he is considered in possession of no more of the land than what he actually occupies.
There cannot be a conclusive possession of land, without some color of title.
When an infant of the age of fourteen years, having no father, enters into land, he will be presumed to enter in his own right, until the contrary be shown.

THIS was an action of trespass for breaking and entering the plaintiff's close in Antrim, in this county, in the year 1817, and cutting and carrying away the plaintiff's grass.

The cause was tried here at October term, 1822, upon the general issue. Neither party offered at the trial any evidence of title except possession; so that the real question between them was, who first gained possession of the land. The close described in the writ was part of lot No. 15, in Antrim; and it appeared, in evidence, that No. 15 lay on both sides of Contoocook river, and that the *locus in quo* lay on the west side of the river; that previous to the year 1805, the plaintiff entered into that part of the lot which lay on the east side of the river, and occupied it as his own, claiming the whole lot; but there was no evidence that he entered under color of any particular title, or that he took actual possession of that part of the lot, which lay on the west side of the river, until the year 1806, when he entered upon that part and caused a portion of it to be cleared of wood and timber.

Riley
*vs.*
Jameson.

It appeared, in evidence, that the defendant, in the year 1805, in company with an elder and a younger brother, entered upon the *locus in quo*, and took and carried away wood, the defendant then being a minor of the age of fourteen years only, living in the family of his mother, his father being at that time dead ; but there was no evidence, that the defendant entered under, or by the command of his mother, or any other person.

The court instructed the jury, that as the plaintiff had not shewn any color of title under which he entered upon the lot, his entry upon the part of the lot which lay upon the east side of the river, claiming the whole lot previous to 1805, did not give him possession of that part of the lot which lay on the west side of the river ; that his entry in 1806 was sufficient evidence to enable him to maintain the action, unless the jury were satisfied that the defendant had previously taken possession ; that if, in 1805, the defendant entered in his own right, as must be presumed, if the contrary did not appear, it was evidence of possession, which, under the circumstances, entitled him to a verdict, unless the party believed that he afterwards abandoned the possession.

The jury returned a verdict for the defendant ; and the plaintiff moved the court to grant a new trial, on the ground that the jury had been misdirected.

*R. Fletcher* and *Burnham,* for the plaintiff.

*Atherton,* for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

As it distinctly appeared, at the trial of this cause, that the plaintiff had entered upon that part of lot No. 15 which lay on the east side of the river, claiming the whole lot, previous to the entry of the defendant upon that part of the lot which lay on the west side of the river ; it is clear, that if such entry and claim on the part of the plaintiff gave him possession of the whole lot, the first entry of the defendant was tortious, the jury were misdirected, and the plaintiff is entitled to a new trial. The first question then is, did the entry and claim of the plaintiff give him possession of the whole lot ?

Littleton says, "if a man hath cause to enter into any "lands or tenements in divers towns in one same county, if he "enter into one parcel of the lands, or tenements, which are "in one town, in the name of all the lands, or tenements, in- "to which he hath right to enter within all the towns of the "same county, by such entry he shall have as good posses- "sion and seizin of all the lands and tenements whereof he "hath title of entry, as if he had entered indeed into every "parcel." *Litt. sec.* 417.

According to this general rule of *Littleton*, an entry into one of several parcels of land in the same county, in the name of all, gives a possession co-extensive with the right of en- try. But *Coke* says, that this general rule must be under- stood with this limitation, "that the entry of a man, to re- "continue his inheritance or freehold, must ensue his action "for recovery of the same;" and this is the reason, as he says, why the rule is limited to lands in the same county : "For if the lands lie in several counties, there must be sev- "eral actions, and consequently several entries." "So if "three men disseize me, severally, of three several acres of "land, being all in one county, and I enter into one acre, in "the name of all three acres, this is good for no more but "that acre which I entered into, because each disseisor is a "several tenant of the freehold, and as I must have several "actions against them for recovery of the land, so my entry "must be several." *Co. Litt.* 251, *a & b.*

*Coke* says, "If I enfeoff one of one acre of ground upon "condition, and at another time I enfeoff the same man of "another acre, in the same county, upon condition also, and "both the conditions are broken, an entry into one in the "name of both is not sufficient ; for that I have no right to "the land, nor action to recover the same, but a bare title ; "and therefore several entries must be made into the same, "in respect of the several conditions ; but an entry into one "part of the land, in the name of all the land, subject to one "condition, is good, although the parcels be several, and in "several towns." *Co. Litt.* 252, *b.*

*Coke* says, further, that "some do take a diversity, when "an entry shall vest or divest an estate, that there must be

Riley
*vs.*
Jameson.

"several entries into the several parcels, but where the pos-
"session is in no man, but the freehold in law is in the heir
"that entereth, there the general entry into one part redu-
"ceth all into his actual possession : and therefore, if the
"lord entereth into a parcel generally, for a *mort main*, or
"the feoffor for a condition broken, or the disseisee into a
"parcel generally, the entry shall not vest nor divest in
"these or like cases, but for that parcel." *Co. Litt.* 15, *b.*

The precise meaning of the word 'possession,' when appli-
ed to lands, is not easily defined. We are not aware, that any
definition of it has ever been attempted. *Littleton* and *Coke,*
only attempt to illustrate the subject by examples ; and it
may be useful, in the present case, to pursue our inquiries
in relation to it still further.

It is well settled, that when a title to land is shewn, pos-
session shall be presumed to have accompanied the title, un-
til the contrary is shewn. Thus, where a person died in
possession of land which had descended to him from his ances-
tors, leaving a widow and children, and on his death the wid-
ow entered and retained possession, it was held, that the in-
tendment of law was, that she was in possession as guardian
to her children, her entry not having been accompanied with
any acts or declarations inconsistent with that character. 5
*Johnson* 66, *Byrne & ux. vs. Van Hoesen.*—7 *ditto* 157, *Jack-
son vs. De Waltz.*

"It is a settled rule, that the doctrine of adverse posses-
"sion is to be taken strictly, and not to be made out by infer-
"ence, but by clear and positive proof. Every presumption
"is in favor of possession, in subordination to the title of the
"true owner." 9 *Johns.* 167.—1 *ditto* 157.—12 *ditto* 367.

And in 16 *Johnson* 301, it is said, that "if one enter on
"land without any title or claim, or color of title, the law ad-
"judges the possession to be in subservience to the legal
"owner ; and no length of possession will render the holding
"adverse to the title of the owner : but if a man enter on
"land, without claim or color of title, and no privity exists
"between him and the real owner, and such person after-
"wards acquires what he considers a good title, from that
"moment his possession becomes adverse." 18 *Johns.* 44,
355.

When a man enters into land, under a deed, or extent, or as heir to another, such entry will give him possession of all the land which the title under which he enters embraces ; because he is presumed to enter, claiming according to his title. The bounds of his possession will be marked, by the lines and monuments mentioned in his deed or extent, or by the deed or possession of his ancestor. For this purpose, it is immaterial, whether the title, under which he enters, be a valid one, or not. 4 *Mass. Rep.* 418.—18 *Johns.* 40, *Jackson vs. Wheat.*

But when a man enters into land without title, or color of title, the law furnishes him with no intendment to extend his possession beyond his actual occupation. As he is a stranger to the title, the law considers him a stranger to all the lines and monuments which relate to the title ; whatever may be the extent of his claims of possession, the law deems him in possession of so much only as he actually occupies.

In the case of the *Proprietors of the Kennebeck Purchase vs. Springer,* (4 *Mass. Rep.* 418,) *Parsons, C. J.* says, "When " a disseizor claims to be seized, by his entry and occupa-" tion, his seizin cannot extend farther than his actual exclu-" sive occupation."

" In order to bar the recovery of a plaintiff, who has title, " by a possession in the defendant, strict proof has always " been required, not only that the first possession was taken " under a claim hostile to the real owner, but that such hos-" tility has existed on the part of succeeding tenants. *It is* " *also necessary that such possession should be marked by definite* " *boundaries.*" *Spencer J. in Brandt vs. Ogden,* 1 *Johns.* 157. —2 *ditto* 23, *h.* 234.—10 *ditto* 477.

These are cases, it is true, where possession was set up in opposition to the legal title. But we apprehend, that in all cases, where a party relies upon naked possession, as evidence of title, his claims must be considered as bounded by his actual occupation. Thus, where a lot is divided by fences into several enclosures, an entry and occupation of one enclosure, claiming the whole lot, give no possession of any other enclosure, to a man who enters without color of title. There is no doubt that naked possession may be evidence of title. 2

*Johns.* 24.—10 *ditto* 355.—2 *Saun.* 111, *Allen vs. Rivington.*—*Cro. Eliz.* 437, *Bateman vs. Allen.*—16 *Johns.* 317.

But from the nature of the case, naked possession must be actual possession. The constructive possession, which the law annexes to a title, cannot exist in such a case. There can be no constructive naked possession. An entry upon part of a lot of land, claiming the whole, without color of title, gives no possession of any part, except that upon which entry is made. If it could, an entry upon part of a lot might give actual possession of all the land in a town or county.

We have taken a much broader view of the law, relative to the possession of land, than is absolutely necessary for the decision of the present case. But it seemed to us useful, to consider the nature of that possession which follows title, in order that the difference between that and naked possession, or possession without title, might be more distinctly seen. The application of the law on this subject, to the case now before us, is very easy. *Riley* entered upon the land east of the river, previous to the entry of the defendant upon the land west of the river ; and he entered, claiming the whole lot. But there was no pretence, that he entered, even under color of title, or that he was ever upon the land west of the river, previous to the entry of the defendant. It is clear, then, that his naked possession of the land east of the river, accompanied with a claim of the whole lot, did not, in law, give him possession of that part of the lot which lays west of the river, and this objection must be overruled.

There is another objection in this case, to the instructions which were given to the jury, which must be examined. They were told, that although the defendant, when he entered upon the land, was only fourteen years old, and was living in his mother's family, he must be presumed to enter in his own right, unless the contrary appeared.

There is no doubt that a minor may take land by purchase, and by descent. *Co. Litt.* 2, *b.*—12 *Mass. Rep.* 16, *Parker vs. Lincoln & a.*—*Comyn's Digest, Enfant, B.* 1.

It is equally clear, that by an actual entry upon land, an infant may disseize the owner. *Litt. sec.* 407, 408.—*Perkins* 3, 47.—*Co. Litt.* 180, *b. note* 56.

Whether an infant living with his father, and entering upon land, must be presumed to enter in his father's employment, need not be decided in the present case. Some have been of opinion, that a father is bound to support his minor children, even when they have sufficient property to support themselves, provided he be of sufficient ability. 2 *Mass. Rep.* 415. *Whipple vs. Dow.*—4 ditto 97, *Dawes vs. Howard.*

And it is clear, that so long as a father is bound to support his minor children, he is entitled to their services. 2 *Mass. Rep.* 113, *Benson vs. Remington.*—7 *do.* 145, *Day vs. Everett.*

But even a father has nothing to do, as natural guardian, with the land of his children. 2 *Mass. Rep.* 55, *May vs. Calder.*—*Co. Litt.* 88, *b, note* 66.

But a mother stands on different ground from a father in respect to her children. She is bound to support her children only when she is of sufficient ability, and they stand in need of relief. 4 *Mass. Rep.* 97, *Dawes vs. Howard.*—2 *Mass. do.* 415, *Whipple vs. Dow.*—4 *East* 76, *Cooper vs. Martin.*—4 *Mass. Rep.* 675, *Freto vs. Brown.*—6 *Johnson* 566, *Wilks vs. Rogers.*—4 *Binney* 487, *Commonwealth vs. Murray.*

While a mother actually supports her minor children at her own expense, she is entitled to their services, and they may perhaps be presumed to be in her employment. But in the present case, it did not appear, that the mother maintained the defendant at her own expense. He may have had property sufficient to maintain him ; and the mother may not have been of sufficient ability to maintain her children. There is then no ground to presume from the circumstance, that the defendant lived with his mother, that he took possession of the *locus in quo* in her right. There was no evidence, that she had any color of title. We are therefore of opinion, that, as the defendant took possession of the land previous to any entry on the part of the plaintiff, the defendant had a right to retain the possession, until the plaintiff shewed a right to the possession ; and that the defendant is entitled to

*Judgment on the verdict.*