## EBENEZER LUND vs. LEMUEL PARKER et a.

When one man enters upon the land of another, without color of title, his possession is presumed to be in subordination to the title of the legal owner, until he shews the contrary.

But when an entry is made under colour of title, however defective the title may be, he, who enters, is presumed to claim according to his title, and his possession to be adverse to all other titles.

When one man enters upon the land of another, and actually turns the owner out of possession, or resists the entry of the owner, this is evidence that the possession of him, who so enters, is adverse.

Under certain circumstances, the length of time, which the possession has been enjoyed, may be evidence, that it is adverse.

TRESPASS, for breaking and entering the plaintiff's close, in Brookline, in this county.

The cause was tried here, at October term, 1823, upon the general issue ; when the plaintiff, in order to make out his title, proved, that in 1780, *Samuel Chamberlain* took possession of the land, and died in 1784 ; that after his death, his son, *Wilder Chamberlain*, was in possession, and having, by his will, directed his executor to sell all his real estate, died in 1812. In 1813, the executor sold the *locus in quo* to the plaintiff.

On the part of the defendants, it appeared in evidence, that the *locus in quo* was within the bounds of land originally granted to the proprietors of Dunstable, who, on the 10th October 1786, granted it to one *Jonathan Lovell*, by whom it was conveyed, on the 29th April, 1794, to *Noah Lovell*, whose title the defendant, *Lemuel Parker*, now has.

It did not appear, that *Samuel Chamberlain* entered under color of any title whatever ; and there was evidence, that *Wilder Chamberlain* entered in the life of *Samuel*, who relinquished his possession.

It appeared in evidence, that, in 1811, the defendant entered upon the land, claiming it.

In 1780, *Samuel Chamberlain* cleared a portion of the land, and enclosed it with a fence ; but it did not appear, that any body had done any thing upon the land, since his death, except cutting wood and timber.

The court instructed the jury, that, as the defendant made out a legal title, in opposition to which the plaintiff set

Lund
vs.
Parker et a.

up possession ; the latter would not prevail, unless he shewed an uninterrupted, adverse possession, for twenty years ; that the possession of those, under whom the plaintiff claimed, seemed to have been uninterrupted, from 1786 to 1811, and if that possession was also adverse, the plaintiff was entitled to a verdict ; that if the jury believed, that *Samuel Chamberlain* continued in possession till his death, and that *Wilder Chamberlain* then entered as heir, his entry under color of title by descent, must be presumed to be adverse, unless the contrary appeared. But, if *Samuel Chamberlain* surrendered the possession to *Wilder Chamberlain*, without deed, then *Wilder Chamberlain* entered without color of title, and his possession could not be deemed adverse, unless there was something in the nature of it, which might give it that character ; and that there did not appear to be any thing in it, which could lead to the presumption, that it was adverse ; if, therefore, the jury believed, that *Wilder Chamberlain* entered in the life time of his father, the defendants were entitled to a verdict.

The jury returned a verdict for the defendants ; and the plaintiff moved the court to grant a new trial, on the ground, that the jury had been misdirected.

*Farley,* for the plaintiff.

*Dana* and *Lawrence,* for the defendants.

RICHARDSON, C. J. delivered the opinion of the court.

There is no doubt, that possession of land without title, or color of title, is sufficient evidence of a seisin, in the possessor, to entitle him to hold the land, against every person, who can shew no better evidence of title. 2 *John.* 22, *Jackson vs. Hazen.*—4 *ditto* 202, *Jackson vs. Harder.*—10 *ditto* 338, *Smith vs. Lorillard.*—16 *ditto* 314.

But, when he, who is in possession of land, attempts to avail himself of possession as a bar to the legal title, he must shew not only an undisturbed possession for twenty years, but a possession adverse to the title of the legal owner. In settling the question, whether possession is adverse or not, every presumption is to be made in favor of the legal title. The law presumes, that the possession has gone with

the title, until the contrary is shewn. 10 *Mass. Rep.* 146, *Codman vs. Winslow.*—4 *ditto* 416.

There are various circumstances, by which the character of possession may be determined. If one man enters into the land of another, who has the legal title, and actually turns him out, and continues in possession, such actual ouster would be strong evidence, that the possession was adverse. So, actual resistance to the entry of the owner would be decisive evidence of adverse possession.

And when an entry is made under color of title, however defective that title may be, he, who enters, is presumed to claim, according to his title, and his possession to be adverse to all other titles. 13 *John.* 118, *Jackson vs. Ellis.*— 18 *ditto* 40, 355.

Thus, where one received a deed, conveying to him a lot of land, and went into possession under his deed, it turned out afterwards that the grantor had title to only one ninth part of the land, as a tenant in common ; it was held, that as he entered under a deed, conveying the whole, he must be deemed to have entered, as sole owner of the whole, and that his possession must be considered as adverse. 13 *John.* 406, *Jackson vs. Smith.*

Under certain circumstances, the time, during which possession has been enjoyed, may afford a strong presumption, that it has been adverse. Thus, where one tenant in common continued in possession thirty-six years, receiving all the rents and profits, without any claim by the other tenant ; it was held, that a jury might presume, from these circumstances, an actual ouster, and adverse possession. *Fisshar vs. Prosser, Cowp.* 217.—1 *Caine's Rep.* 83, *Vandyck vs. Vanburen.*

An open, visible possession, for fifty years, and this known to those who had the legal title, without any attempt by them to assert it, seems to have been held to be conclusive evidence of a disseisin. 6 *Mass. Rep.* 229, *Bost. Mill Corp. vs. Bulfinch.*

Where one continued in possession more than thirty years, making valuable improvements, receiving all the rents and profits, and claiming an exclusive property in the land, it was held to be abundant evidence of adverse possession. 10 *Mass. Rep.* 464, *Cummings vs. Wyman.*

When a man enters into land, without color of title, the presumption of law is, that he enters under him who has the title ; and when he attempts to avail himself of his possession against the title, the proof rests upon him to rebut the legal presumption, and shew that his possession was adverse. 4 *Mass Rep* 416, *Proprietors of Kennebeck Purchase vs. Springer* —1 *John.* 157 —2 *ditto* 230, *Jackson vs. Schoonmaker.*—4 *ditto* 230, 390 —9 *ditto* 102, 163, 174 ---6 *ditto* 197, *Smith vs. Burtis.*---10 *ditto* 475 ---12 *ditto* 365.---13 *ditto* 537.---16 *ditto* 301 ---1 *Caine's Rep* 358, *Jackson vs. Bowen.*

In the present case, the defendants shewed a title. The plaintiff relied upon an adverse possession in those, under whom he claimed, for more than twenty years. It appeared, that *Samuel Chamberlain* entered upon the land in 1780 ; but there was no evidence, that he entered under any title, or color of title ; nor was there any thing in the character of his possession, from which it would have been competent for a jury to infer, that it was adverse. After the death of *Samuel Chamberlain*, his son, *Wilder*, was in possession ; but it did not appear, that there was any thing in the nature of his possession, which could give it the character of adverse possession, unless he had entered as heir to his father. It was submitted to the jury to say, whether he had so entered ; and they found that he did not.

All the possession, then, on which the plaintiff relied, was without color of title, and must be presumed to be in subordination to the legal title, until the contrary is shewn. This presumption is not only reasonable it itself, but is well supported by authorities. Where a man enters upon the land of another, without pretence of title, he is entitled to no presumption in his favor. Our statute, which gives an allowance for improvements made upon land, to him who has been in possession six years under a supposed legal title, makes no provision for him who enters without title.

We are, therefore, of opinion, that the jury were not misdirected.