## Moor *vs.* Campbell.

Mere prior possession of land is sufficient to enable a person to maintain trespass against one who subsequently enters upon the land without title.

Where a person enters upon land without title or color of title, he is considered in possession of no more land than he actually occupies.

In an action of trespass *qu. cl. fr.*, it appeared that the defendant's grantor, having no color of title, in the year 1835 entered upon the *locus in quo*, cut trees from it, and planted two thirds of it, but his possession was not marked by any definite boundaries. In the year 1840 the plaintiff entered upon the land described in the writ, and surveyed it.—*Held*, that the entry upon the *locus in quo* meant only an entry upon the land described in the writ, and that as it did not appear that the defendant or his grantor had a prior possession of the place where the alleged trespass was committed, such possession as he had was not an answer to the action, as he could be considered in possession of no more land than he actually occupied.

TRESPASS *quare cl. fr.*, alleged to have been committed on the

1st day of January, 1841, and on divers other days between that day and the 8th of the following September, in the plaintiff's close, situated in Manchester.

At the trial upon the general issue, the plaintiff produced in evidence a deed of warranty from one Joseph Emerson to the plaintiff, dated on the 15th day of January, 1829, the execution of which was admitted. The description in this deed includes the *locus in quo*, with a much larger tract of land adjoining it on the south. There was no controversy in relation to Emerson's title to the land described in his deed, with the exception of the land in dispute. The plaintiff proved that in the month of December, 1840, he caused the whole tract described in Emerson's deed to be surveyed, and then proved the trespass committed by the defendant in the winter of 1841.

The defendant then introduced an office copy of a deed from one Ezra Kimball to Jonas B. Bowman and Frederick G. Stark, dated on the fourth day of August, 1828, and copies of sundry mesne conveyances, the last of which was a deed from Jonathan Kimball to Archibald G. Stark and John Campbell, dated on the eighteenth day of April, 1843. He then offered in evidence a memorandum in writing, under seal, given by Jonathan Kimball to said Stark and Campbell, of which the following is a copy :

" Whereas Archibald Stark and John Campbell have heretofore entered upon and cut trees and wood on land this day quitclaimed by me to them, now I hereby consent to and approve all and whatever has been so done by said Stark and Campbell, as being done by my authority, and the right and title I have or might rightfully claim in said premises. Witness my hand and seal this 18th day of April, 1843.

(Signed,)    Jona. Kimball." (Seal.)

The tract conveyed by Kimball lies east of Samuel Head's land, which is between it and the *locus in quo*. The defendant contended that the *locus in quo* was described in, and passed by the deeds aforesaid.

For the purpose of explaining the description in the deeds introduced by the defendant, and of proving that the place of the

trespass was not described in, and did not pass by them, the plaintiff introduced an office copy of a deed from Jesse Kimball to Ruth and Phœbe Kimball, dated on the 14th day of August, 1806. The land described in this deed is the land of Samuel Head, above mentioned. He also offered a copy of a deed from Dearborn Whittier and his wife, (who was formerly Phœbe Kimball,) and Ruth Kimball, to Samuel Head, dated on the 10th day of June, 1817, and sundry other mesne conveyances, the last of which was a deed from the administrator of Samuel Stark, jr. to the defendant, dated on the 22d day of May, 1841, and under which the defendant claimed.

The defendant proved that more than forty years ago the said Ezra Kimball had cut wood and timber on the land in dispute, and also that Samuel Stark, jr., soon after the date of his deed, which was from Samuel Head, and was dated in the year 1835, went upon the *locus in quo* and cut wood from it, and that about four or five years ago he planted two thirds of it. The *locus in quo* is not included in terms in the deed from the administrator of Samuel Stark to the defendant.

The jury returned a verdict for the plaintiff, which the defendant moved to set aside.

*S. D. Bell*, for the defendant. It does not appear that Emerson had any title or possession when he conveyed to the plaintiff. The only evidence of any possession by the plaintiff is, that in the month of December, 1840, he caused the land to be surveyed.

The defendant's title is that Samuel Stark, under whom he claimed, soon after Head's deed, in 1835, entered upon the land, cut wood there, and four or five years ago, previous to the survey, planted two thirds of it. Now we do not contend that Samuel Stark entered under color of title ; but when a man enters upon a limited tract of land, and occupies, such occupation gives him possession of all the tract. True, this land was not fenced, but that, under the circumstances, we contend was unnecessary.

*Wilkins* and *Farley*, on the same side.

*J. U. Parker*, for the plaintiff.

Moor *v.* Campbell.

GILCHRIST, J.　We have held that prior possession under color or claim of title is sufficient to maintain a writ of entry against one who has no title. *Gibson* vs. *Bailey*, 9 *N. H. Rep.* 168. And where one enters upon land without any color of title, he is considered in possession of no more land than he actually occupies. *Riley* vs. *Jameson*, 3 *N. H. Rep.* 23.

In the present case, the plaintiff had a deed of warranty from Emerson, who is not shown to have been in possession of the land. In the month of December, 1840, the plaintiff caused the land to be surveyed. His possession, then, under color of title did not commence until the year 1840.

In the month of November, 1835, Samuel Head conveyed certain land to Samuel Stark, who soon afterwards entered upon the *locus in quo,* and cut wood from it, and about four or five years ago planted two thirds of it, and the defendant now has Stark's interest.

These are the facts upon which the defendant relies as evidence that his possession was prior to that of the plaintiff.

But there is nothing in the case which shows of what the defendant was in possession. Samuel Stark entered upon the *locus in quo.* How extensive is the meaning of this ? In order to be of any benefit to the defendant, it must mean that he entered upon the place where the alleged trespass was committed. But we are not authorized to give so comprehensive a meaning to these words. They mean, not the identical place where the trespass was committed, but merely the premises described in the writ, and can bear no other construction.

Now it does not appear from this case that the premises had any certain and definite boundaries. All is indefinite. The part upon which Stark did not enter, and of which he had no possession, may have been the part where the trespass was committed, and to which the prior possession of the defendant will not apply. To make out his defence he should show that he had a prior possession of the exact places where the alleged trespass was committed. Anything short of that is no answer to the plaintiff's case. Samuel Stark had no title, nor color of title, and must be considered in possession of no more land than he actually occupied.

Moor *v.* Campbell.

As his possession did not extend beyond his actual occupation, and as it does not appear to have included the place of the supposed trespass, the plaintiff is entitled to

Judgment on the verdict.